**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **U.S. Commodity Futures Trading Commission,** | ) | **No. 07 C 2256** |
| | ) | **Judge Gettleman** |
| **Plaintiff,** | ) | **Magistrate Judge Cole** |
| **v.** | ) | |
| **Anthony A. Demasi and Tsunami Capital, LLC,** | ) | |
| **Defendants.** | ) | |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANTS ANTHONY A. DEMASI AND TSUNAMI CAPITAL, LLC**

On August 25, 2007 Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against the Defendants, Anthony A. Demasi ("Demasi") and Tsunami Capital, LLC ("Tsunami Capital"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2000) and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et. seq.* (2005). On April 26, 2007, the Court entered a Statutory Restraining Order against the defendants.

Demasi and Tsunami Capital, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Defendants Demasi and Tsunami Capital hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2000), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2000), in that Defendants Demasi and Tsunami Capital are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendants enter their appearances and acknowledge receipt of the Summons and Complaint.

4. Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**RELIEF GRANTED**

**IT IS THEREFORE ORDERED THAT:**

1. The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be

made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act; 7 U.S.C. § 6b(a)(2)(i) and (iii);

B. Willfully making or causing to be made to other persons false reports or statements, or willfully entering or causing to be entered for other persons false records in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii)(2000).

C. Directly or indirectly employing any device, scheme, or artifice to defraud any pool participant or prospective participant; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any pool participant or prospective pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1);

2. The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Engaging in, controlling, or directing the trading of any commodity futures and options accounts, on their own behalf or on behalf of any other person or entity, whether by power of attorney or otherwise;

B. Introducing customers to any other person engaged in the business of trading in commodity futures and options;

C. Placing orders, giving advice or price quotations or other information in connection with the purchase or sale of commodity futures and options contracts for themselves and others; and

D. Otherwise engaging in any business activities related to commodity futures and options trading that require registration. However, neither this Section 2 nor any other provision of this Consent Order shall prohibit the receipt of funds paid by or on behalf of Stuart Simonson relating to the use by TradeLink, LLC of intellectual property licensed by Tsunami Capital, LLC to Stuart Simonson. Any such funds shall be received only into the account at Lakeside Bank in the name of Tsunami Capital, LLC #2 ending in 1900 and upon receipt shall be subject to the asset freeze provided for herein and shall not be disbursed except upon further order of this Court.

3. The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning the Defendants' business operations; and

B. Refusing to permit authorized representatives of the Commission to inspect, when and as requested by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning Defendants' business operations.

4. Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity which holds or is a depository of their funds, securities, assets or other property of any kind, is prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property of, or within the custody, control or possession of the Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of the Defendants or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order; except that the asset freeze on Lakeside Bank account in the name of Tsunami Express, LLC ending in 8900 shall be dissolved and Defendant Demasi shall immediately transfer the balance, $6,130.90, to Lakeside Bank account

in the name of Tsunami Capital, LLC # 2 ending in 1900, and these funds shall remain frozen. Defendant Demasi shall then be permitted to use the Lakeside Bank account ending in 8900 for cash receipts and receipts from credit card charges from the Reserve nightclub acquired after the effective date of this order to meet payroll, operating, and related expenses for the Reserve nightclub. Demasi will advise the Commission in writing, through its attorney Susan Gradman, of Reserve nightclub's receipts and expenses paid on a monthly basis beginning May 31, 2007.

5. The injunctive provisions of this Order shall be binding on the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendant and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendants.

6. The Defendants shall prepare, sign and file with the Court, within 20 days, a complete and accurate accounting of their current assets, and shall prepare, sign and file with the Court, within 45 days, a complete and accurate accounting for the period of April 2003, to the date of such accounting, which shall be no earlier than the date of this Order. Such accountings shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by the Defendants, whether individually or jointly, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

B. All funds, securities, commodity interests, assets and other property received directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

C. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the

Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States; and

D. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by the Defendants.

7. The Defendants are directed to allow representatives of the Commission, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of the Defendants or others, and to copy said documents, data, and records either on or off the premises where they may be located.

8. It is further ordered that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendant, or that may be subject to any provision of this Order. Thomas Koprowski, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

10. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

IT IS SO ORDERED.

DATED: May 4, 2007

Robert W. Gettleman

The Honorable Robert W. Gettleman
United States District Court Judge

CONSENTED TO AND APPROVED BY:

Peter B. Shaeffer
Attorney for Defendants Anthony A. Demasi and Tsunami Capital, LLC
30 North LaSalle Street
Chicago, Illinois 60602
(312) 782-5306
(312) 201-4559 (facsimile)

Dated: May 2, 2007

Susan Gradman
Attorney for Plaintiff Commodity Futures Trading Commission
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0523
(312) 596-0714 (facsimile)

Dated May 3, 2007